# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| FLEXIBLE PRODUCTS COMPANY, | ) | **COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND OTHER RELIEF** |
| Plaintiff, | ) | |
| v. | ) | |
| EMPLOYERS INSURANCE OF WAUSAU, | ) | **(JURY TRIAL DEMANDED)** |
| Defendant. | ) | |
| | ) | Case No. _____ |

Plaintiff, Flexible Products Company ("Flexible"), by and through its attorneys, complains against the defendant as follows:

## INTRODUCTION

1. This insurance coverage action is brought by Plaintiff against one of its primary insurers, Employers Insurance Company of Wausau ("Wausau"), which has a duty to defend, but has refused to pay any of Flexible's defense costs in connection with various underlying tort actions.

2. As set forth in greater detail below, Flexible is or was a named defendant in several product liability lawsuits alleging bodily injury resulting from alleged exposure to products developed, manufactured, distributed or sold by Flexible. Specifically, Flexible is a defendant in the Underlying Lawsuits listed on Exhibit A hereto, one of which (*Bice*) is scheduled to begin the first phase of trial in August. Copies of the complaints in the Underlying Lawsuits are not attached to this Complaint due to their volume, but have been previously provided to the defendant and will be provided to the Court or Wausau upon request.

3. Wausau issued to Flexible primary insurance policies between 1984 and 1994 (the "Policies" as set forth on Exhibit B), and each such policy obligates Wausau to defend Flexible in the Underlying Lawsuits. Certain of Flexible's other primary insurers have acknowledged the duty to defend and, accordingly, these insurers are not defendants, and amounts paid by them are not included, in this action.

4. Even though Flexible has complied with all terms and conditions of the Wausau Policies and no exclusions apply, Wausau has wrongfully denied coverage, and has refused to defend Flexible in the Underlying Lawsuits or pay the amounts incurred or to be incurred by Flexible in connection with the defense of the Underlying Lawsuits. Therefore, Flexible seeks damages for breach of contract and a declaration that Wausau has a duty to pay Flexible's past and future unpaid defense costs with respect to the Underlying Lawsuits.

## PARTIES

5. Flexible is a corporation organized and existing under the laws of the State of Georgia with its principal place of business at 1881 West Oak Parkway, Marietta, Georgia 30062-2264. Flexible manufactures and markets custom-formulated rigid and semi-rigid, flexible, integral skin, and microcellular polyurethane foams and systems as well as elastomers, coatings, adhesives, and binders.

6. In February 2000, Flexible was merged into The Dow Chemical Company ("Dow"), a Delaware corporation which is headquartered at 2030 Dow Center, Midland, Michigan, and since then, Flexible has continued to exist and operate as a wholly-owned subsidiary of Dow. Pursuant to a 2000 service agreement, all of Flexible's insurance functions have been performed by employees of Dow's Corporate Risk Management department in

Midland, Michigan. All notices to Wausau, including tender of defense, have been sent by Dow employees in Midland, Michigan. All correspondence, including declination letters from Wausau have been sent to Dow employees in Midland, Michigan. Correspondence providing updates on the Underlying Lawsuits were sent from Midland, Michigan by Dow employees to Wausau. Dow employees in Midland, Michigan are responsible for maintaining copies of the insurance policies at issue in this coverage action. Also pursuant to service contract, decisions with respect to the defense of the Underlying Lawsuits are made by Dow employees in Midland, Michigan, and any payment of defense costs for the Underlying Lawsuits is authorized in and checks are sent from Midland, Michigan. Because all of these functions have been performed by Dow employees in Midland, Michigan, Flexible's causes of action for breach of the insurance contracts and for a declaration of Wausau's obligations under the Policies arose in Midland, Michigan.

7.      Defendant Employers Insurance of Wausau ("Wausau") is an insurance company organized and existing under the laws of the State of Wisconsin, having its principal place of business at 2000 Westwood Drive, Wausau, Wisconsin 54401-7802. At all times material hereto, Wausau, upon information and belief, was authorized to, and did in fact, transact insurance business in this District on a regular and continuous basis.

8.      Defendant Wausau issued primary insurance policies providing insurance coverage to Flexible, including a duty to defend.

1047/28764-001 Current/15286480v5

## JURISDICTION AND VENUE

9. The Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendant are citizens of different States and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

10. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) and (c) because the defendant transacts business as an insurance company in this District, and, therefore, is a resident of this District.

11. Venue is also proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to Flexible's insurance claim occurred in Midland, Michigan, including giving notice of the Underlying Lawsuits and tender of defense of the Underlying Lawsuits. Declination letters and other responses from Wausau were sent to Midland, Michigan.

## THE UNDERLYING LAWSUITS

12. The Underlying Lawsuits involve approximately 1,675 plaintiffs, all individuals who allege that they were injured by exposure to isocyanate products while employed as coal miners at various underground mines. In the Underlying Lawsuits, Flexible is alleged to have been involved in the manufacture, use, and distribution of isocyanate-containing products intended for mine stabilization and ventilation control during the period in which the Policies were in effect. During the period in which the Policies were in effect, plaintiffs in the Underlying Lawsuits are alleged to have been exposed and/or injured as a result of exposure to those products.

13. Flexible is defending the pending Underlying Lawsuits, has incurred past defense costs substantially in excess of $15,000,000, and will continue to incur significant sums in defending the Underlying Lawsuits in the future. As of February 2010, the court in *Bice* scheduled the first phase of trial to begin on August 2, 2010.

14. The allegations in each of the Underlying Lawsuits bring the lawsuits within the coverage of the Policies. Each of the Policies provides defense cost coverage in excess of any limits of liability applicable to settlements or judgments. Flexible has not yet incurred any amounts in settlement or judgment of the Underlying Lawsuits.

## THE INSURANCE POLICIES

15. Wausau issued primary insurance policies to Flexible during the period 1984 to 1994. A list of the Policies of which Flexible is currently aware is included as Exhibit B to this Complaint. Flexible reserves the right to claim defense cost coverage under additional policies issued by defendant should such additional policies become known to Flexible. Because of their volume, the Policies are not attached to this Complaint, but will be provided to the Court upon request.

16. Each of the Policies provides coverage to Flexible for defense costs, settlements, and judgments in the Underlying Lawsuits, including a duty to defend.

17. Each of the primary comprehensive general liability policies issued by Wausau covering the policy years from 5/31/1984 through 5/31/1988 contains the following coverage clauses:

> The company will pay on behalf of the insured all sums which the insured becomes legally obligated to pay as damages because of 'bodily injury' . . . to which this insurance applies, **caused by an occurrence**, and the company shall

> have the right and **duty to defend** any 'suit' against the insured seeking damages on account of such bodily injury. . .
>
> 'Occurrence' means an accident, including continuous or repeated exposure to conditions, which results in bodily injury. . .

(emphasis added)

18.   Each of the primary comprehensive general liability policies issued by Wausau covering the policy years from 5/31/1988 through 5/31/1990 contains the following coverage clauses:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'. . . to which this insurance applies. . . This insurance applies only to 'bodily injury'. . . which occurs during the policy period. . . The 'bodily injury'. . . must be **caused by an 'occurrence'**. . . The 'occurrence' must take place in the coverage territory. We will have the right and **duty to defend** any 'suit' seeking those damages.
>
> 'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(emphasis added)

19.   Each of the primary comprehensive general liability policies issued by Wausau covering the policy years from 5/31/1990 through 5/31/1994 contains the following coverage clauses:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of 'bodily injury'. . . to which this insurance applies. We will have the right and the **duty to defend** any 'suit' seeking those damages. . . This insurance applies to 'bodily injury'. . . only if: the 'bodily injury'. . . **is caused by an 'occurrence'** that takes place in the 'coverage territory'. . . and [t]he 'bodily injury'. . . during the policy period.
>
> 'Occurrence' means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

1047/28764-001 Current/15286480v5

(emphasis added)

20. Pursuant to the Policies, Wausau has a duty to defend Flexible in the Underlying Lawsuits. The duty to defend requires Wausau to pay for Flexible's defense in the Underlying Lawsuits if there is even a potential for coverage under the Policies.

21. Defendant Wausau has denied coverage and refused to provide Flexible with a defense in the Underlying Lawsuits, and is liable for all past and future unpaid defense costs incurred by Flexible.

## COVERAGE UNDER THE POLICIES FOR DEFENSE OF
## THE UNDERLYING LAWSUITS

22. The Underlying Lawsuits involve allegations of "bodily injury" caused by an "occurrence" as those terms are defined under the Policies.

23. The Policies issued by Wausau cover the Underlying Lawsuits.

24. Defendant Wausau has denied coverage, refused to provide Flexible the defense to which it is entitled under the Policies for the Underlying Lawsuits, and failed to provide a defense or reimburse Flexible for any of its unpaid defense costs.

25. Flexible will continue to be deprived of its rights to a defense absent a declaration of Wausau's defense obligations under the Policies. Declaratory relief is necessary to ensure Flexible obtains the benefits of the Policies. A judgment in the amount of the already incurred defense costs which remain unpaid by other insurers is necessary for Flexible to obtain the benefits of the Policies.

## FIRST CAUSE OF ACTION
### (Breach of Contract – Duty to Defend Underlying Lawsuits)

26.     Flexible realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 25 above.

27.     Pursuant to the terms of the Policies, Wausau is obligated to defend Flexible with respect to the Underlying Lawsuits.

28.     The Underlying Lawsuits are within the scope of coverage of Wausau's Policies.

29.     Wausau is obligated to reimburse Flexible for all costs already incurred by Flexible and not reimbursed by other insurers in defending the Underlying Lawsuits, including attorneys' fees, costs, and expenses.

30.     Wausau has breached its Policies by failing to defend or reimburse Flexible for sums paid for the defense of the Underlying Lawsuits.

31.     Flexible has fully complied with the terms and conditions of the Policies.  Any conditions precedent to recovery under the Policies have been satisfied, waived, or are otherwise inapplicable.

32.     As a direct result of Wausau's breach of the Policies, Flexible has been deprived of the benefit of the insurance coverage for which Flexible paid substantial premiums and has been forced to pay in excess of $75,000 and will likely continue to pay substantial sums for defense costs relating to the Underlying Lawsuits.

1047/28764-001 Current/15286480v5

## SECOND CAUSE OF ACTION
### (For Declaratory Judgment - Duty To Pay Past and Future Defense Costs)

33. Flexible realleges and incorporates by reference each of the allegations made herein at paragraphs 1 through 32.

34. Pursuant to the terms of the Policies, Wausau is obligated to pay for the defense of Flexible with respect to the Underlying Lawsuits.

35. Wausau has a duty to pay for the defense of Flexible in the Underlying Lawsuits; pay defense costs that have already been incurred in the Underlying Lawsuits and not reimbursed by other insurers; and continue to pay such defense costs until the limits of the Policies have been exhausted by payment of settlements or judgments.

36. Any conditions precedent to recovery under the Policies have been satisfied, waived, or are otherwise inapplicable.

37. Actual and justiciable controversies exist between Flexible and Wausau as to whether, and in what amount, the defendant is required pursuant to the terms of its Policies to pay unreimbursed defense costs incurred and to be incurred by Flexible in defending the Underlying Lawsuits.

38. By the terms and provisions of 28 U.S.C. § 2201(a), this Court is empowered to declare the rights of Flexible and the obligations of Wausau.

39. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between Flexible and Wausau.

## REQUEST FOR RELIEF

**WHEREFORE**, Flexible prays that this Court enter judgment as follows:

On its First Cause of Action, Flexible requests that this Court enter judgment,

(a) awarding Flexible all direct and consequential money damages Flexible has suffered as a consequence of the breaches of contract by Wausau, including all sums expended as part of the defense of the Underlying Lawsuits that have not been reimbursed by other insurers;

(b) awarding Flexible a money judgment for the amount, to be proven at trial, that it is entitled to recover for unreimbursed defense costs under the Policies at issue;

(c) awarding Flexible all attorneys' fees and expenses incurred by Flexible in this action as allowed by law;

(d) awarding Flexible all interest on the above amounts allowed by law, including pre- and post-judgment interest; and

(e) awarding Flexible such other and further relief as this Court deems necessary, proper, equitable, and just.

On its Second Cause of Action, Flexible requests that this Court enter judgment:

(a) declaring that Wausau has a duty pursuant to the terms of the Policies to pay all past and future unreimbursed costs for the defense of Flexible with respect to the Underlying Lawsuits until the Policies have been exhausted by payment of settlements or judgments;

(b) awarding Flexible all attorneys' fees and expenses incurred by Flexible in this action as allowed by law;

(c) awarding Flexible all interest on the above amounts allowed by law, including pre- and post-judgment interest; and

(d) awarding Flexible such other and further relief as this Court deems necessary, proper, equitable, and just.

1047/28764-001 Current/15286480v5

## JURY DEMAND

Flexible hereby demands a trial by jury of all issues so triable.

Dated: February 26, 2010

Respectfully submitted,

FLEXIBLE PRODUCTS COMPANY

By: /s/ Erica Fitzgerald
   Stephen E. Glazek (P23186)
   Erica Fitzgerald (P64080)
BARRIS, SOTT, DENN & DRIKER PLLC
211 W. Fort Street, 15th Floor
Detroit, Michigan 48226-3202
(313) 965-9725
(313) 983-3313 – Facsimile
Email: sglazek@bsdd.com
Email: efitzgerald@bsdd.com

Steven R. Gilford (admitted to E.D. Mich.)
Marc E. Rosenthal PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois 60602
Email: sgilford@proskauer.com
(312) 962-3550
(312) 962-3551 – Facsimile

Michael P. Foradas (admitted to E.D. Mich.)
KIRKLAND & ELLIS LLP
300 North LaSalle Stret, 38th Floor
Chicago, Illinois 60654
(312) 862-2308
(312) 862-2200 – Facsimile
Email: michael.foradas@kirkland.com