IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

| | |
|---|---|
| FLEXIBLE PRODUCTS COMPANY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>EMPLOYERS INSURANCE OF WAUSAU; )<br>AMERICAN GLOBAL INSURANCE )<br>COMPANY, n/k/a CHARTIS CASUALTY )<br>COMPANY; AMERICAN GUARANTEE )<br>AND LIABILITY INSURANCE COMPANY; )<br>AMERICAN INTERNATIONAL SOUTH )<br>INSURANCE COMPANY, n/k/a CHARTIS )<br>CASUALTY COMPANY; FIRST STATE )<br>INSURANCE COMPANY; HARTFORD )<br>CASUALTY INSURANCE COMPANY; )<br>HARTFORD FIRE INSURANCE )<br>COMPANY; NATIONAL UNION FIRE )<br>INSURANCE COMPANY OF PITTSBURGH, )<br>PA; and WAUSAU UNDERWRITERS )<br>INSURANCE COMPANY )<br>)<br>Defendants. ) | **FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT, BREACH OF CONTRACT, AND OTHER RELIEF**<br><br>**(JURY TRIAL DEMANDED)**<br><br>Case No. 10-10812-BC<br><br>Hon. Thomas L. Ludington |

Plaintiff, Flexible Products Company ("Flexible"), by and through its attorneys, complains against the defendants as follows:

**INTRODUCTION**

1. This insurance coverage action is brought by Plaintiff against its primary and first level excess insurers in connection with Flexible's defense and settlement of the Underlying Lawsuits (defined below).

2. Plaintiff's primary insurers, Hartford Fire Insurance Company ("Hartford Fire"), National Union Fire Insurance Company ("National Union") and Employers Insurance Company of Wausau ("Wausau"), each issued to Flexible primary insurance policies between 1984 and 2000 (the "Primary Policies" as set forth on Exhibit B), and each such policy obligates the

relevant insurer to defend Flexible in the Underlying Lawsuits. Flexible has complied with all terms and conditions of the Primary Policies and no exclusions apply. Hartford Fire has acknowledged the duty to defend and agreed to pay certain of Flexible's defense costs, but to date has only paid a portion of the amounts it has agreed to pay. Wausau and National Union have failed or refused to pay any of Flexible's defense costs. Flexible seeks damages for breach of contract and a declaration in connection with each primary insurer defendant's duty to defend and pay defense costs.

3. Flexible has recently negotiated a settlement with the majority of the underlying tort claimants (the "Settlement"). Flexible seeks declarations in this action as to the responsibility of each insurer defendant to fund the Settlement under the insurance policies listed in Exhibit B (the "Policies"). Copies of the Policies are not attached to this Complaint due to their volume, but will be provided to the Court or any defendant upon request.

4. As set forth in greater detail below, Flexible is or was a named defendant in several product liability lawsuits alleging bodily injury resulting from alleged exposure to products developed, manufactured, distributed or sold by Flexible. Specifically, Flexible was a defendant in the Underlying Lawsuits listed on Exhibit A hereto. Copies of the complaints in the Underlying Lawsuits are not attached to this Complaint due to their volume, but have been previously provided to the defendants and will be provided to the Court or any defendant upon request.

## PARTIES

5. Flexible is a corporation organized and existing under the laws of the State of Georgia with its principal place of business at 1881 West Oak Parkway, Marietta, Georgia 30062-2264. Flexible manufactures and markets custom-formulated rigid and semi-rigid,

flexible, integral skin, and microcellular polyurethane foams and systems as well as elastomers, coatings, adhesives, and binders, including isocyanate-containing products intended for mine stabilization and ventilation.

6. In February 2000, Flexible was purchased by The Dow Chemical Company ("Dow"), a Delaware corporation that is headquartered at 2030 Dow Center, Midland, Michigan, and since then, Flexible has continued to exist and operate as a wholly-owned subsidiary of Dow.  Pursuant to a 2000 service agreement, all of Flexible's insurance functions have been performed by employees of Dow's Corporate Risk Management department in Midland, Michigan.  All notices to the insurer defendants, including tenders of defense, have been sent on behalf of Flexible by Dow employees in Midland, Michigan.  All correspondence, including reservation of rights and declination letters from the insurers has been sent to Dow employees in Midland, Michigan.  Correspondence providing updates on the Underlying Lawsuits, including the Settlement, were sent from Midland, Michigan on behalf of Flexible by Dow employees to the insurers.  Dow employees in Midland, Michigan are responsible for maintaining copies of the insurance policies at issue in this coverage action.  Also, pursuant to service contract, decisions with respect to the defense and settlement of the Underlying Lawsuits are made by Dow employees in Midland, Michigan, and any payment of defense costs for the Underlying Lawsuits is authorized in and checks are sent from Midland, Michigan.  Because all of these functions have been performed for Flexible by Dow employees in Midland, Michigan, Flexible's causes of action for breach of the insurance contracts and for a declaration of the defendants' obligations under the insurance policies arose in Midland, Michigan.

7. Defendant Employers Insurance of Wausau ("Wausau") is an insurance company organized and existing under the laws of the State of Wisconsin, having its principal place of

business at 2000 Westwood Drive, Wausau, Wisconsin 54401-7802.  At all times material hereto, Wausau, upon information and belief, was authorized to, and did in fact, transact insurance business in this District on a regular and continuous basis.  Defendant Wausau answered Flexible's initial complaint in this action and has propounded written discovery.

8.  Defendant Wausau issued primary insurance policies providing insurance coverage to Flexible, including a duty to defend and an obligation to pay the Settlement.  Wausau also issued certain excess insurance policies that obligate it to pay the Settlement to the extent underlying insurance is or will be exhausted.

9.  Defendant American Global Insurance Company n/k/a Chartis Casualty Company ("American Global") is an insurance company organized and existing under the laws of the State of Pennsylvania, having its principal place of business at 175 Water Street, New York, New York 10038.  At all times material hereto, American Global was authorized to, and did in fact, transact insurance business in this District on a regular and continuous basis.  American Global issued certain excess insurance policies that obligate it to pay the Settlement to the extent underlying insurance is or will be exhausted.

10.  Defendant American Guarantee and Liability Insurance Company ("American Guarantee") is an insurance company organized and existing under the laws of the State of New York, having its principal place of business at 1400 American Lane, Schaumburg, Illinois 60196.  At all times material hereto, American Guarantee was authorized to, and did in fact, transact insurance business in this District on a regular and continuous basis.  American Guarantee issued certain excess insurance policies that obligate it to pay the Settlement to the extent underlying insurance is or will be exhausted.

1047/28764-001 Current/15286480v11

11. Defendant American International South Insurance Company n/k/a Chartis Casualty Company ("American International South") is an insurance company organized and existing under the laws of the State of Pennsylvania, having its principal place of business at 175 Water Street, New York, New York 10038. At all times material hereto, American International South was authorized to, and did in fact, transact insurance business in this District on a regular and continuous basis. American International South issued certain excess insurance policies that obligate it to pay the Settlement to the extent underlying insurance is or will be exhausted.

12. Defendant First State Insurance Company ("First State") is an insurance company organized and existing under the laws of the State of Connecticut, having its principal place of business at 100 High Street, Boston, Massachusetts 02110. At all times material hereto, First State transacted insurance business in this District on a regular and continuous basis. First State issued certain excess insurance policies that obligate it to pay the Settlement to the extent underlying insurance is or will be exhausted.

13. Defendant Hartford Casualty Insurance Company ("Hartford Casualty") is an insurance company organized and existing under the laws of the State of Indiana, having its principal place of business at One Hartford Plaza, Hartford, Connecticut 06115. At all times material hereto, Hartford Casualty was authorized to, and did in fact, transact insurance business in this District on a regular and continuous basis. Hartford Casualty issued certain excess insurance policies that obligate it to pay the Settlement to the extent underlying insurance is or will be exhausted.

14. Defendant Hartford Fire Insurance Company ("Hartford Fire") is an insurance company organized and existing under the laws of the State of Connecticut, having its principal place of business at One Hartford Plaza, Hartford, Connecticut 06115. At all times material

hereto, Hartford Fire was authorized to, and did in fact, transact insurance business in this District on a regular and continuous basis. Hartford Fire issued primary insurance policies providing insurance coverage to Flexible, including a duty to defend and an obligation to pay the Settlement.

15. Defendant National Union Fire Insurance Company of Pittsburgh, PA ("National Union") is an insurance company organized and existing under the laws of the State of Pennsylvania with its principal place of business at 175 Water Street, New York, New York 10038. At all times material hereto, National Union was authorized to, and did in fact, transact insurance business in this District on a regular and continuous basis. National Union issued primary insurance policies providing insurance coverage to Flexible, including a duty to defend and an obligation to pay the Settlement. National Union also issued certain excess insurance policies that obligate it to pay the Settlement to the extent underlying insurance is or will be exhausted.

16. Defendant Wausau Underwriters Insurance Company ("Wausau Underwriters") is an insurance company organized and existing under the laws of the State of Wisconsin, having its principal place of business at 2000 Westwood Drive, Wausau, Wisconsin 54401-7802. At all times material hereto, Wausau Underwriters was authorized to, and did in fact, transact insurance business in this District on a regular and continuous basis. Wausau Underwriters issued certain excess insurance policies that obligate it to pay the Settlement to the extent underlying policies is or will be exhausted.

## JURISDICTION AND VENUE

17.   The Court has jurisdiction over this dispute pursuant to 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different States and the amount in controversy, exclusive of interest and costs, exceeds $75,000.

18.   Venue is proper in this District pursuant to 28 U.S.C. § 1391(a)(1) and (c) because the defendants transact business as insurance companies in this District, and, therefore, are residents of this District.

19.   Venue is also proper in this District pursuant to 28 U.S.C. § 1391(a)(2) because a substantial part of the events giving rise to Flexible's insurance claim occurred in Midland, Michigan, including giving of notice of the Underlying Lawsuits, tenders of defense of the Underlying Lawsuits and sending and receipt of updates and consents to settlement.  Declination letters, reservations of rights, and other responses from defendants were also sent to Midland, Michigan.

## THE UNDERLYING LAWSUITS

20.   The Underlying Lawsuits involve approximately 1,675 plaintiffs, all individuals who allege that they were injured by exposure to isocyanate products while employed as coal miners at various underground mines.  In the Underlying Lawsuits, Flexible is alleged to have been involved in the manufacture, use, and distribution of isocyanate-containing products intended for mine stabilization and ventilation control during the period in which the Policies were in effect.  During the period in which the Policies were in effect, plaintiffs in the Underlying Lawsuits are alleged to have been exposed and/or injured as a result of exposure to those products.

21. Flexible is defending the pending Underlying Lawsuits, having incurred defense costs in excess of $27.5 million. In September 2010, Flexible negotiated the Settlement of the majority of the Underlying Lawsuits. Each of the defendants was advised in advance of the Settlement. Certain defendants agreed that the Settlement was reasonable and/or agreed not to raise lack of consent or voluntary payment as a defense to coverage under their Policies.

22. The allegations in each of the Underlying Lawsuits and the Settlement are within the coverage of the Policies.

### THE INSURANCE POLICIES

23. Each of the defendant insurance companies issued one or more primary and/or excess insurance policies to Flexible during the period 1984 to 2000 (the "Policies"). A list of the Policies of which Flexible is currently aware is included as Exhibit B to this Complaint. Flexible reserves the right to claim coverage under additional policies issued should such additional policies become known to Flexible.

24. Each of the Policies provides coverage to Flexible for defense costs, settlements, and judgments in the Underlying Lawsuits.

**Primary Policies**

25. Each of the primary comprehensive general liability policies issued to Flexible by Wausau, National Union and Hartford Fire ("Primary Policies" as identified on Exhibit B) covers defense costs and settlements or judgments because of bodily injury caused by an occurrence, includes a duty to defend and provides coverage for defense costs in addition to limits applicable to settlements or judgments, subject to certain deductibles or retentions.

26.    In addition to other provisions set forth therein, the primary policies issued by Wausau covering the policy years from 5/31/1984 through 5/31/1988 contain the following coverage clauses:

> The company will pay on behalf of the insured all sums which the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies, **caused by an occurrence**, and the company shall have the right and **duty to defend** any "suit" against the insured seeking damages on account of such bodily injury. . . .
>
> "Occurrence" means an accident, including continuous or repeated exposure to conditions, which results in bodily injury. . . .
>
> (emphasis added)

27.    In addition to other provisions set forth therein, each of the primary comprehensive general liability policies issued by Wausau covering the policy years from 5/31/1988 through 5/31/1990 contains the following coverage clauses:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury". . . to which this insurance applies. . . This insurance applies only to "bodily injury". . . which occurs during the policy period. . . The "bodily injury". . . must be **caused by an "occurrence"**. . . The "occurrence" must take place in the coverage territory. We will have the right and **duty to defend** any "suit" seeking those damages.
>
> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> (emphasis added)

28.    In addition to other provisions set forth therein, each of the primary comprehensive general liability policies issued by Wausau covering the policy years from 5/31/1990 through 5/31/1994 contains the following coverage clauses:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury". . . to which this insurance applies. We will have the right and the **duty to defend** any "suit" seeking those damages. . . This insurance applies to "bodily injury". . . only if: [t]he "bodily injury". . . is **caused by an "occurrence"** that takes place in the "coverage territory". . . and [t]he "bodily injury". . . occurs during the policy period.

> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(emphasis added)

29.   In addition to other provisions set forth therein, the Hartford Fire primary policies in effect from May 31, 1996 through December 31, 1999 provide:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury". . . to which this insurance applies.  We will have the right and the **duty to defend** any "suit" seeking those damages. . . This insurance applies to "bodily injury". . . only if: [t]he "bodily injury". . . is **caused by an "occurrence"** that takes place in the "coverage territory". . . and [t]he "bodily injury". . . occurs during the policy period.
>
> "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(emphasis added)

30.   In addition to other provisions set forth therein, the Hartford Fire primary policy in effect from December 31, 1999 through February 18, 2000 provides:

> We will pay on behalf of the insured all sums that the insured shall become legally obligated to pay damages [sic] because of "bodily injury". . . to which this insurance applies… The insured against whom a "claim" is made shall have the **duty to defend** any "suit" seeking damages because of "bodily injury". . . This policy applies to "bodily injury". . . only if: [t]he "bodily injury". . . is **caused by an "occurrence"** that takes place in the "coverage territory". . . and [t]he "bodily injury". . . occurs during the "policy period."
>
> "Occurrence" means, with respect to "bodily injury"… an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(emphasis added)

31.   In addition to other provisions set forth therein, the National Union primary policies provide:

> We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury". . . to which this insurance applies.  We will have the right and the **duty to defend** any "suit" seeking those damages. . . This insurance applies to "bodily injury". . . only if: [t]he "bodily injury". . . **is caused**

**by an "occurrence"** that takes place in the "coverage territory". . . and [t]he "bodily injury". . . occurs during the policy period.

"Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

(emphasis added)

32.     Pursuant to the Primary Policies, Wausau, National Union and Hartford Fire each has a duty to defend Flexible in the Underlying Lawsuits. The duty to defend requires each to pay for Flexible's defense in the Underlying Lawsuits if there is even a potential for coverage under the Policies.

33.     Defendant Wausau has denied coverage and refused to provide Flexible with a defense in the Underlying Lawsuits. Defendant National Union has not paid any of Flexible's defense costs. Each is liable for all past and future defense costs incurred by Flexible. Defendant Hartford Fire has agreed to pay certain of Flexible's defense costs, but to date has failed to fully pay amounts owed.

34.     The Primary Policies also require defendants Wausau, National Union and Hartford Fire each to pay, on behalf of Flexible, all sums that Flexible becomes legally obligated to pay as damages because of bodily injury, up to the policies' limits of liability. Amounts to be incurred by Flexible under the Settlement are covered by the Primary Policies, subject to any applicable deductibles or retentions.

**Excess Policies**

35.     The excess insurance policies issued to Flexible ("Excess Policies") are identified as such on Exhibit B. Each of the Excess Policies includes coverage substantially similar to the following:

> To pay on behalf of the INSURED ULTIMATE NET LOSS, as defined hereinafter, . . . all sums which the INSURED shall be obligated to pay by reason of the liability imposed upon the INSURED by law . . ., because of: A.

PERSONAL INJURY. . . to which this policy applies, caused by an occurrence, as hereinafter defined . . ..

ULTIMATE NET LOSS: Means the sums paid as damages in settlement of a claim or in satisfaction of a judgment for which the INSURED is legally liable . . . and also includes investigation, . . . and **defense costs** paid or incurred by the INSURED . . ..

36. Subject to exhaustion of the relevant underlying policy, each of the Excess Policies requires the defendant insurance companies to pay for the full and complete defense of Flexible in the Underlying Lawsuits. Each of the Excess Policies also requires the responsible defendant insurance companies to indemnify Flexible against settlements and judgments with respect to the Underlying Lawsuits, including the Settlement, up to the Excess Policies' limits of liability.

## COVERAGE UNDER THE POLICIES FOR DEFENSE AND INDEMNITY OF THE UNDERLYING LAWSUITS

37. The Underlying Lawsuits involve allegations of "bodily injury" caused by an "occurrence" as those terms are defined under the Policies.

38. The Policies issued by defendants cover the Underlying Lawsuits.

39. Defendant Wausau has denied coverage, refused to provide Flexible the defense to which it is entitled under the Wausau Primary Policies for the Underlying Lawsuits, and failed to provide a defense or reimburse Flexible for any of its unpaid defense costs.

40. To date, defendant National Union has not paid any of Flexible's defense costs.

41. To date, defendant Hartford Fire has only paid a portion of the amount of defense costs it owes to Flexible.

42. Flexible will continue to be deprived of its rights to a defense absent a declaration of Wausau's, National Union's and Hartford's defense obligations. Declaratory relief is necessary to ensure Flexible obtains the insurers' promised coverage. A judgment in the amount

of the already incurred defense costs which remain unpaid by the insurers is necessary for Flexible to obtain the benefits of the Policies.

43. In addition, no insurer defendant agreed to pay the Settlement reached in the Underlying Lawsuits, and a declaration is necessary to establish the insurers' responsibilities for the Settlement.

### FIRST CAUSE OF ACTION
### (Breach of Contract – Duty to Defend Underlying Lawsuits Against Wausau, National Union and Hartford Fire)

44. Flexible realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 43 above.

45. Wausau, Hartford Fire and National Union are obligated to defend Flexible and pay its defense costs with respect to the Underlying Lawsuits.

46. Wausau, Hartford and National Union have each breached their contractual obligations by failing to defend or reimburse Flexible for sums paid for the defense of the Underlying Lawsuits.

47. Flexible has fully complied with the terms and conditions of the applicable agreements. Any conditions precedent to recovery have been satisfied, waived, or are otherwise inapplicable.

48. As a direct result of defendants' breaches, Flexible has been deprived of the benefit of the insurance coverage for which Flexible paid substantial premiums and has been forced to pay in excess of $75,000 and will likely continue to pay sums for defense costs relating to the Underlying Lawsuits.

## SECOND CAUSE OF ACTION
### (For Declaratory Judgment - Duty To Pay Past and Future Defense Costs Against Wausau, National Union and Hartford Fire)

49. Flexible realleges and incorporates by reference each of the allegations made herein at paragraphs 1 through 48.

50. Wausau, Hartford Fire and National Union are obligated to pay for the defense of Flexible and pay its defense costs with respect to the Underlying Lawsuits.

51. Wausau and National Union have a duty to pay for the defense of Flexible in the Underlying Lawsuits; pay defense costs that have already been incurred in the Underlying Lawsuits; and continue to pay such defense costs until the limits of the Policies have been exhausted by payment of settlements or judgments. Hartford Fire has an obligation to pay Flexible's defense costs until the limits of its Primary Policies have been exhausted by payment of settlements or judgments.

52. Any conditions precedent to recovery have been satisfied, waived, or are otherwise inapplicable.

53. Actual and justiciable controversies exist between Flexible on one hand and Wausau, National Union and Hartford Fire on the other as to whether, and in what amount, the defendants are required to pay unreimbursed defense costs incurred and to be incurred by Flexible in defending the Underlying Lawsuits.

54. By the terms and provisions of 28 U.S.C. § 2201(a), this Court is empowered to declare the rights of Flexible and the obligations of the defendants.

55. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between Flexible and the defendants.

## THIRD CAUSE OF ACTION
### (Declaratory Judgment-Duty to Indemnify-As To All Defendants)

56. Flexible realleges and incorporates by reference each of the allegations set forth in paragraphs 1 through 55 above.

57. Subject to exhaustion of the relevant deductibles, retentions or underlying policies, if any, and subject to the limits of liability, if any, of their respective Policies, each defendant insurance company has a duty to indemnify Flexible for the settlement of the Underlying Lawsuits.

58. Any conditions precedent to recovery have been satisfied, waived, or are otherwise inapplicable.

59. Actual and justiciable controversies exist between Flexible and the defendant insurance companies (i) as to whether and the extent to which the defendants are required by the terms of their respective Policies to indemnify Flexible with respect to the Underlying Lawsuits and (ii) as to the construction and interpretation of the Policies issued by the defendant insurance companies.

60. By the terms and provisions of 28 U.S.C. § 2201(a) this Court is empowered to declare the rights of Flexible and obligations of the defendant insurance companies.

61. The issuance of declaratory relief by this Court will terminate some or all of the existing controversy between Flexible and the defendant insurance companies.

## REQUEST FOR RELIEF

**WHEREFORE**, Flexible prays that this Court enter judgment as follows:

On its First Cause of Action, Flexible requests that this Court enter judgment,

(a) awarding Flexible all direct and consequential money damages Flexible has suffered as a consequence of the breaches of contract by Wausau, National Union and Hartford Fire, including all sums expended as part of the defense of the Underlying Lawsuits;

(b)  awarding Flexible a money judgment for the amount, to be proven at trial, that it is entitled to recover for defense costs;

(c)  awarding Flexible all attorneys' fees and expenses incurred by Flexible in this action as allowed by law;

(d)  awarding Flexible all interest on the above amounts allowed by law, including pre- and post-judgment interest; and

(e)  awarding Flexible such other and further relief as this Court deems necessary, proper, equitable, and just.

On its Second Cause of Action, Flexible requests that this Court enter judgment:

(a)  declaring that Wausau and National Union each has a duty pursuant to the terms of the Policies to pay all past and future costs for the defense of Flexible with respect to the Underlying Lawsuits until the Policies have been exhausted by payment of settlements or judgments, and that Hartford Fire has an obligation to pay its portion of Flexible's defense costs;

(b)  awarding Flexible all attorneys' fees and expenses incurred by Flexible in this action as allowed by law;

(c)  awarding Flexible all interest on the above amounts allowed by law, including pre- and post-judgment interest; and

(d)  awarding Flexible such other and further relief as this Court deems necessary, proper, equitable, and just.

On its Third Cause of Action, Flexible requests that this Court enter judgment:

(a)  declaring that the defendant insurance companies pursuant to the terms of their respective Policies must indemnify Flexible for settlement of the Underlying Lawsuits paid by Flexible, subject only to the Policies' limits of liability and the exhaustion of any applicable deductibles, retentions or underlying insurance;

(b)  awarding Flexible all attorneys' fees and expenses incurred by Flexible in this action as allowed by law;

(c)  awarding Flexible all interest on the above amounts allowed by law, including pre- and post-judgment interest; and

(d)  awarding Flexible such other and further relief as this Court deems necessary, proper, equitable and just.

1047/28764-001 Current/15286480v11

## JURY DEMAND

Flexible hereby demands a trial by jury of all issues so triable.

Dated: November 22, 2010

Respectfully submitted,

BARRIS, SOTT, DENN & DRIKER PLLC

By:    /s/ Erica Fitzgerald

One of its Attorneys

Stephen E. Glazek (P23186)
Erica Fitzgerald (P64080)
BARRIS, SOTT, DENN & DRIKER PLLC
211 W. Fort Street, 15th Floor
Detroit, Michigan 48226-3202
(313) 965-9725
(313) 983-3323 – Facsimile


Steven R. Gilford *(admitted to E.D. Mich.)*
PROSKAUER ROSE LLP
Three First National Plaza
70 West Madison, Suite 3800
Chicago, Illinois  60602
sgilford@proskauer.com
(312) 962-3550
(312) 962-3551 – Facsimile

## CERTIFICATE OF SERVICE

I hereby certify that on November 23, 2010, I electronically filed the First Amended Complaint for Declaratory Judgment, Breach of Contract, and Other Relief with the Clerk of the Court using the ECF system which will send notification of such filing to counsel of record.

Parties may access this filing through the Court's system.

/s/ Erica Fitzgerald
Erica Fitzgerald
Barris, Sott, Denn & Driker, P.L.L.C.
211 West Fort Street, 15th Floor
Detroit, MI  48226-3281
Phone: (313) 965-9725
Fax: (313) 983-3313
Direct: (313) 596-9318
Email: efitzgerald@bsdd.com